UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KATHERINE CORLETTO,<br>Plaintiff,<br>v.<br>ELIZABETH BLONDHEIM, *et al.*,<br>Defendants. | Case No. 3:26-CV-00238-ART-CLB<br>**ORDER STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF SERVICE DEADLINE**<br>[ECF Nos. 32, 34] |

This Order concerns two documents filed by Plaintiff Katherine Corletto ("Corletto"): (1) an amended complaint, (ECF No. 32), and (2) a motion for extension of the Rule 4(m) service deadline. (ECF No. 34.) For the reasons stated below, Corletto's amended complaint, (ECF No. 32), is stricken and her motion for extension of the Rule 4(m) service deadline, (ECF No. 34), is granted.

## I. AMENDED COMPLAINT

On September 3, 2026, Corletto filed an amended complaint. (ECF No. 32.) As Corletto had previously filed two other complaints, (ECF Nos. 1, 22), this constitutes her Second Amended Complaint ("SAC"). "Under Fed.R.Civ.P. 15(a), a plaintiff may amend his complaint once, as of right, at any time prior to the filing of a responsive pleading." *Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989). However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Thus, as Corletto has already amended her complaint once, and Defendants have not yet appeared in this case, Corletto must obtain leave of Court prior to filing another amended complaint. As Corletto failed to obtain leave of Court to file another amended complaint, her SAC, (ECF No. 32), is hereby stricken. To properly file her SAC, Corletto must first obtain leave of Court by filing a motion for leave to file an amended complaint. Pursuant to the Court's Local Rules, she must attach her proposed SAC to the motion for leave. LR 15-1.

## II. MOTION FOR EXTENSION OF TIME

Next, on September 8, 2026, Corletto filed a motion for extension of time to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) for another 30 days. (ECF No. 34.) The prior Rule 4(m) deadline expired on September 4, 2026. (ECF No. 24.) Pursuant to the Court's Local Rules, a request to extend a deadline made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. LR IA 6-1. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)). In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395). The Court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

Corletto argues she has shown excusable neglect because she has demonstrated a diligent and good-faith effort to effect timely service but faced difficulties based on her *pro se* status and lack of financial resources. (ECF No. 34.) Corletto explains that process servers have attempted to serve Defendants, including on September 3, 2026, but have been unable to effectuate personal service on Defendants. (*Id.*) Corletto also argues that her delay in filing the motion to extend time is minimal, spanning only the Labor Day holiday weekend. (*Id.*)

Here, the *Pioneer* factors weigh in favor of granting Corletto's motion. First, as there is no proof of service for any Defendants in this case, there is very minimal danger

of prejudice to Defendants based on Corletto's requested 30-day extension. The length of the delay is minimal and would not greatly impact the proceedings because no Defendants have appeared in this case. The reason for the delay also weighs in favor of granting an extension based on Corletto's *pro se* status. Finally, the Court finds that Corletto has acted in good faith, especially considering the unsuccessful service attempt which occurred on September 3, 2026. Therefore, the Court finds that Corletto has demonstrated excusable neglect and consequently grants her motion for extension of time.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Corletto's SAC, (ECF No. 32), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Corletto's motion for extension of time to complete service under Rule 4(m), (ECF No. 34), is **GRANTED**.

**IT IS FURTHER ORDERED** that proof of service is now due on or before **Tuesday, October 13, 2026**.

**IT IS SO ORDERED**.

**DATED**: September 11, 2026.

______________________________
**UNITED STATES MAGISTRATE JUDGE**