UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Katherine CORLETTO,<br>Plaintiff,<br>v.<br>Elizabeth BLONDHEIM, *et al.*,<br>Defendants. | Case No. 3:26-cv-00238-ART-CLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

Plaintiff Katherine Corletto filed this action pro se under 42 U.S.C. § 1983 seeking redress for alleged constitutional violations she suffered in the course of a state court proceeding. (ECF No. 1.) Ms. Corletto filed an amended complaint on May 20, 2026. (ECF No. 22.) The Court originally granted an extension for effectuating service and set a deadline of September 4, 2026. (ECF No. 24.)

The docket reflects that since initiating this action in April 2026, Ms. Corletto has filed a high volume of stray exhibits and documents. In June, the Court informed Ms. Corletto that her "voluminous filings are an inappropriate use of her filing privileges" and that "she should not file any additional exhibits that are not appended to a motion unless the Court directs her to do so." (ECF No. 29 at 1-2.) The Court also cautioned that should Ms. Corletto continue to file documents in this manner, her filings may be stricken from the docket without further notice. (*Id.* at 3.)

Since then, Ms. Corletto has attempted to file a second amended complaint. Her first attempt, on September 3, was stricken because she did not first seek leave from the Court to amend her complaint and attach the proposed amended complaint to her motion. (ECF Nos. 32, 36.) On September 28, Ms. Corletto filed two motions for leave to amend but again did not attach a proposed second amended complaint (ECF Nos. 38, 39), so the Court denied the motions with leave

to refile (ECF No. 40).

On October 13, 2026, Ms. Corletto filed a renewed motion in compliance with the Court's instructions, with the proposed second amended complaint attached. (ECF No. 44.) Just before this motion was filed, however, Defendant Ana Swanson filed a motion to dismiss the first amended complaint for insufficient process and/or service of process. (ECF No. 41.) Defendant also objected to Ms. Corletto's motion for leave to amend, arguing that although she is a pro se litigant, she is still bound by the rules of civil procedure and should be held responsible for failing to comply with the rules governing service. (ECF No. 44.) Defendants Judge Robert Delong, Judge Shirle Eiting, and Don Darby later filed their own motion to dismiss on similar insufficient service grounds. (ECF No. 59.) Collectively, Defendants assert that Ms. Corletto has defectively attempted to effectuate service using her proposed second amended complaint even though that document is not the operative complaint. (ECF Nos. 41-1, 59.)

Ms. Corletto has since followed her motion for leave to amend with renewed requests (ECF Nos. 47, 58) and additional notices (*E.g.*, ECF Nos. 49, 55, 57).

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "[i]n general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). This principle "is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). To determine whether to grant leave to amend, a court "consider[s] five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended [their] complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." *Id.* An amendment is "futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim." *Miller v. Rykoff-*

*Sexton*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. DISCUSSION

Under this standard, the Court grants Ms. Corletto leave to amend. Ms. Corletto has been attempting to amend her complaint since September 3, 2026. (ECF No. 32.) In her motion for leave to amend, she explains her difficulties with understanding court procedures and her mistaken belief that simply leaving her proposed complaint with the clerk's office necessarily meant that the complaint was accepted by the Court as the operative complaint and could be served upon Defendants. (ECF No. 44.) The Court previously granted Ms. Corletto leave to refile her motion to amend (ECF Nos. 36, 40), and the docket reflects that Ms. Corletto has been attempting to comply with those instructions. Indeed, the pending motion (ECF No. 44) is consistent with the Court's previous orders and with Local Rule 15-1. There is no evidence of bad faith, nor does amendment cause undue delay or prejudice given the early stage of the case.

Defendants argue that amendment should be denied because it would be futile given Ms. Corletto's failure to properly serve Defendants. But "[d]istrict courts have broad discretion to extend time for service," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). One defect in Ms. Corletto's prior attempts at service is that she served a document that had not been declared operative by the Court. This defect and others are curable, such that amendment is not futile.

## III. CONCLUSION

It is therefore ORDERED that Plaintiff's motion for leave to amend (ECF No. 44) is GRANTED. The Clerk of Court is kindly instructed to FILE the proposed second amended complaint (ECF No. 44-1) as a new entry on the docket, to be

treated as the operative complaint moving forward.

It is further ORDERED that Plaintiff must serve a copy of the summons and the second amended complaint on each defendant consistent with the requirements of Federal Rule of Civil Procedure 4 and provide proof of service to the Court by December 23, 2026. Failure to comply by this deadline may result in defendants being dismissed from this action without prejudice. If Plaintiff requires additional time to meet the deadline, they must file a motion for extension of time under Local Rule 1A 6-1 before the deadline, and the motion must be supported by a showing of good cause.

It is further ORDERED that Plaintiff's duplicative motions for leave to amend (ECF Nos. 47, 58) are DENIED AS MOOT. Plaintiff is advised that duplicative motions will be disregarded.

It is further ORDERED that Defendants' pending motions to dismiss (ECF Nos. 41, 59) are DENIED AS MOOT, as they address a previous version of the complaint that is no longer operative.

Dated this 23rd day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE